IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JIM F. BLACKWELL,

    Plaintiff

    v.                              Civil No. 1:14-cv-1035

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; OVERTON
BROOKS VA MEDICAL CENTER;
TOM P. SENFF and MARY ANN KAYLOR,

    Defendants.

MEMORANDUM BRIEF IN SUPPORT OF MOTION TO
SUBSTITUTE THE UNITED STATES FOR THE INDIVIDUALY
NAMED DEFENDANTS, TOM P. SENFF AND MARY ANN KAYLOR

Comes now the United States of America, by and through Conner Eldridge, United States Attorney, and Claude S. Hawkins, Jr., Assistant United States Attorney, and submits this Brief in Support of its Motion to Substitute the United States for the Federal Individual Defendants, Tom P. Senff and Mary Ann Kaylor, and states:

Plaintiff's Complaint states that it is a petition complaining of "violation of Constitutional rights and medical malpractice." Doc. 1, p. 1. However, at most, it only alleges a tort claim pursuant to the Federal Tort Claim Act. However, Blackwell fails to allege he has filed an Administrative Tort Claim as is required.

Plaintiff complains of the medical treatment he received at the VA facility (referred to as the OBVAMC) on June 11, 1996 by Dr. Francisco Alverez. *Id*. p. 3. Plaintiff alleges over the years "FLAGS" have been put on his records which results in denial of his "pain medications." *Id*. Plaintiff "charges" the Dept. of Veterans Affairs, the OBVAMC, Tom Senff and Mary Ann Kaylor

1

with "these crimes and medical malpractice" and having "little or no experience or knowledge in proper filing procedure." *Id.*, p. 4.

The Supreme Court in *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) held that a court considering a motion to dismiss must give no entitlement to assumption of the truth to pleadings that are no more than mere conclusions. Blackwell's complaint contains little more than "mere conclusions." Blackwell is not entitled to any assumption of the truth from such allegations, and only those allegations consisting of factual allegations which are sufficient to make a plausible claim should be considered. General, conclusory allegations must be disregarded. "A pleading that offers [merely] 'labels and conclusions' " or " 'naked assertion[s]' devoid of 'further factual enhancement' " does not plausibly establish entitlement to relief under any theory. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. 1955).

He fails to allege any constitutional violation on the part of any named defendant. The exclusive remedy for the negligent or wrongful act or omission of any employee of the government while acting within the scope of federal employment is an action against the United States under the Federal Tort Claims Act, and an action against such an employee in his or her individual capacity is precluded by law. 28 U.S.C. §§ 2671, 2674, 2679.

Upon certification that a federal employee was acting within the scope of his or her employment, a tort action shall be deemed to be an action against the United States, and the United States is substituted as the defendant.[1]  28 U.S.C. § 2679(d).

---

1 The United States reserves the right to deny the allegations contained in plaintiff's Complaint or that employees or officers of the United States acted wrongfully as alleged by the plaintiffs.

Plaintiff has failed to state a claim upon which relief can be granted as to Tom P. Senff and Mary Ann Kaylor. Fed.R.Civ.P. 12(b)(6). Since tort claims are only brought against the United States, dismissal is required as to federal employees pursuant to the *Westfall* Act.

This current suit is the most recent in a long string of suits against the Department of Veterans Affairs and various federal employees. The U.S. District Court for the Western District of Louisiana in its Memorandum Order of December 16, 2011, noted that in a case entitled *Jim F. Blackwell v. Overton Brooks VA Medical Center and Ashor L. Odisho*, Case No. 3:11-cv-02165, that Blackwell had filed eight suits since 2001. See, Memorandum Order, Ex. 3. The court stated that "Most of Blackwell's suits stem from his treatment at Overton Brooks VA Hospital and the failure of the hospital officials to provide him with the medication he feels he needs." Ex. 3, p. 1. The court dismissed Blackwell's complaint because it had been previously ordered in *Blackwell v. Kakani*, Civil Action 03-2038 by Judge Maurice Hicks that Plaintiff's in forma pauperis status would be denied in all future cases. See, Memorandum Ruling, Ex. 4. Judge Hicks found that Blackwell "shows every intention to continue to file frivolous suits" and "that plaintiff seeks only to harass the various parties he has sued and the court." Ex. 4, p. 5.

This suit is not brought under *Bivens* as against the named individual defendants. The pleadings in this case are similar to those in *Jim F. Blackwell v. Overton Brooks VAMC, Sanjay Jain, M.D., Saber Kheiralla, M.D., Marilyn Brown, Administrative Officer and Billy M. Valentine, Director*, Civil No. 02-1745 (Western District of Louisiana). The United States moved to substitute the United States for all defendants. Doc. 25 (Case No. 02-cv-1745, WD LA). The substitution was granted. Doc. 27 (Case No. 02-cv-1745, WD LA). Counsel for the United States in that case moved for Summary Judgment on behalf of the United States. The Motion for Summary Judgment was granted, and the court noted that the United States briefed an argument

3

...

regarding potential *Bivens* claims out of an abundance of caution. See Memorandum Ruling, Doc. 66, p. 7, (Case No. 02-cv-1745, WD LA), Ex. 5. The court found that Blackwell had failed to state a *Bivens* claim under similar pleadings as are in this case just recently filed in the Western District of Arkansas. The ruling of the court in the Western District of Louisiana is binding precedent as to claims presently made by Blackwell based upon the legal principals of res judicata and collateral estoppel.

Res judicata holds that a judgment on the merits bars a second suit involving the same parties or their privies based on the same cause of action. *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)(citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). Res judicata bars Blackwell's claims against the VA and the United States. Collateral estoppel precludes relitigation of issues actually litigated and necessary to the outcome of the first action even though the second action is upon a different cause of action. *Lane*, 899 F.2d at 741. As to collateral estoppel, a party in the second litigation does not have to be a party to the first litigation in order to prevent the opposing party from relitigating an issue already litigated. The plaintiff in this case has already litigated whether his claims pertaining to his treatment received at the VA, and specifically concerning the medications prescribed to him, set forth a claim against the United States, the VA and the individual employees of the VA. The courts that have considered these claims have found them to be without merit, and frivolous. Plaintiff cannot now claim such allegations set forth a tort claim, a *Bivens* claim or a claim under 1983. Collateral estoppel bars Blackwell from bringing such claims against the VA, the United States, and the individual defendants.

Blackwell failed to allege any facts which would provide personal jurisdiction over the individual defendants, Senff and Kaylor. In order to bring a *Bivens* action there must be facts

alleged as to each individual defendant to establish the court, within which the suit is filed, has personal jurisdiction over each individual defendant.

Blackwell's complaint alleges the facts occurred in the Western District of Louisiana, and the fact that he may reside within the Western District of Arkansas does not provide the Court with personal jurisdiction over the individual defendants. The Supreme Court found there must be "minimum contacts" as to a defendant in order to create personal jurisdiction over that person. *Walden v. Fiore,* __ U.S. __, 134 S.Ct. 1115, 1121-22 (2014). In that case, a police officer seized cash in Georgia from airline passengers on their return trip to Nevada. The passengers brought a *Bivens* action in Nevada. The Court held that the Nevada court lacked minimal contacts with the defendant, and had no personal jurisdiction over the officer. Federal courts must usually look to state law in order to determine jurisdiction over persons. *Id.*, at 1121. Since an Arkansas state court would have no personal jurisdiction over Sneff or Kaylor, neither would the U.S. District Court for the Western District of Arkansas.

This Court has no personal jurisdiction over Tom P. Senff and Mary Ann Kaylor. There are no allegations they have any contacts with the State of Arkansas, or the Western District of Arkansas.

Blackwell attached a "Letter of Intent" to his complaint. He states that whenever he requests proper medical treatment he is referred to Mary Ann Kaylor. Plaintiff alleges there is "chicanery" all the way up to the Secretary in Washington, D.C." Plaintiff states that Ms. Kaylor is "not a cause for action detrimental to an individual." In the "Letter of Intent" addressed to Ms. Kaylor, plaintiff states: "It is not you who denies my VA rights, treatment and medicines." From his pleadings, he is not placing personal blame on Kaylor.

To support a *Bivens* claim, there must be personal action on behalf of the defendant which constitutes an actionable constitutional violation. *Respondeat superior* does not apply to *Bivens* actions. Individual defendants are only responsible for the actions which such defendant personally was responsible for. Neither individual defendant can be held responsible for acts of other defendants or other individuals. In *Ashcroft v. Iqbal*, 556 U.S. 663, 676 (2009), the Supreme Court held that a *Bivens* claim cannot be based upon *respondeat superior*, and that government officials are not liable for the unconstitutional conduct of their subordinates based upon the fact they are the supervisor. A federal official's liability must be based upon his or her own neglect, if at all.

Individual government officials cannot be held liable based upon *Bivens* unless it is based upon the unlawful acts of that particular government official. *Wood v. Moss*, __ U.S. __, 134 S.Ct. 2056, 2070 (2014)(citing *Iqbal*). Neither Senff nor Kaylor can be held to answer an allegation unless such allegation specifically alleged that the particular individual defendant personally committed the alleged unlawful act. Plaintiff fails to make specific factual allegations as to what actions he alleges each particular individual defendant personally did that violated his constitutional right.

In the Addendum, plaintiff alleges that "My rights and priveleges [sic] guaranteed by the Constitution were violated or denied by the Defendants." Doc. 6, p. 2. In the Addendum, plaintiff states that Tom Senff is a "purveyor of policy rather than of medical treatment." Doc. 6, p. 7. He alleges that Dr. Senff "refuses to prescribe medicine for my admitted and affirmed chronic diseases. . ."[2] *Id*. In the Addendum, plaintiff states that "Mary Ann Kaylor knowingly acts as the

---

2 It has been noted by the U.S. District Court for the Western District of Louisiana that most of

non-resolving catch-all source for all complaints put before OBVAMC officials when they know that the patient does, indeed, have a legitimate complaint but which they do not wish to admit. For the veteran she is the last stop. When she runs out of sophistry, she simply refuses to communicate in any form whatsoever with that veteran as she has now done with me." Plaintiff alleges that "Ms. Kaylor is a culpable participant in my Constitutional denials and violations in this matter." *Id*. Again, Blackwell fails to allege a purposeful action on behalf of Senff or Kaylor which constitutes a constitutional violation which is actionable under *Bivens*. Failure to prescribe drugs by a private physician or a VA physician has never been grounds for a *Bivens* or 1983 claim, and an alleged refusal to communicate by an administrator likewise is not grounds for such an action. In addition, Blackwell has sued the VA and numerous employees of the VA based upon the same or similar allegations in suits filed in the Western District of Louisiana, and such suits have been found to be frivolous. Blackwell is barred by res judicata and collateral estoppel.

"Officials are sheltered from suit, under a doctrine known as qualified immunity, when their conduct 'does not violate clearly established ... constitutional rights' a reasonable official, similarly situated, would have comprehended." *Wood v. Moss*, __ U.S. __, 134 S.Ct. 2056, 2061 (2014)(internal citations omitted). "If prior case law has not clearly settled the right, and so given officials fair notice of it, the court can simply dismiss the claim for money damages. The court need never decide whether the plaintiff's claim, even though novel or otherwise unsettled, in fact has merit." *Camreta v. Greene*, __ U.S. __, 131 S.Ct. 2020, 2031 (2011). Since *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court has not recognized an implied damages remedy under *Bivens* to any new context or category of defendants. *Correctional Services Corp. v.*

---

Blackwell's suits stem from the "failure of hospital officials to provide him with the medication he feels he needs." See, Exhibit 3, p. 1.

*Malesko*, 534 U.S. 61, 520 (2001). The Supreme Court noted in *Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617, 622-23, (2012), that the Court had decided in each case before it since *Carlson* not to imply a *Bivens* action. In *Minneci*, the Court declined to expand a *Bivens* remedy in favor of a prisoner against employees at a federal facility operated by a private company finding that "State-law remedies and a potential *Bivens* remedy need not be perfectly congruent." *Id*. at 132 S.Ct. 625. Justice Scalia, in his concurring opinion which was joined by Justice Thomas, stated that he joined the opinion of the Court because he agreed that "a narrow interpretation of the rationale of *Bivens* would not cause the holding of that case to apply" to these circumstances. (internal citations omitted). *Id*. at 132 S.Ct. 626. Justice Scalia stated that "[E]ven if the narrowest rationale of *Bivens* did apply here, however, I would decline to extend its holding." *Id*. Justice Scalia further stated that "[B]ivens is 'a relic of the heady days in which this Court assumed common-law powers to create causes of action' by constitutional implication." (citing *Malesko*), *Id*.

Since Blackwell's complaint fails to list any constitutional violation previously recognized by the courts as such a violation and Blackwell has not specifically alleged facts that supports such a claim against either of the individual defendants, he fails to make a *Bivens* or 1983 claim, and his Complaint is limited to a claim under the Federal Tort Claim Act.

Respectfully submitted,

CONNER ELDRIDGE
UNITED STATES ATTORNEY

*/s/ Claude S. Hawkins, Jr.*
 Claude S. Hawkins, Jr.
Assistant United States Attorney
Western District of Arkansas
Arkansas Bar No. 77062
Fort Smith, Arkansas   72901
Phone:   (479) 783-5125
Fax:   (479) 441-0569
Email: claude.hawkins@usdoj.gov

CERTIFICATE OF SERVICE

I, Claude S. Hawkins, Jr., Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on October 4, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to counsel of record and I mailed a copy of the foregoing to the following:

Jim F. Blackwell
605F Dr. Martin Luther King, Jr. Drive
Crossett, AR 71635
           .

*/s/ Claude S. Hawkins, Jr.*

Claude S. Hawkins, Jr.