UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIM F. BLACKWELL                              CIVIL ACTION NO. 15-0091

versus                                        JUDGE FOOTE

UNITED STATES, ET AL.                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jim Blackwell ("Plaintiff") is a frequent filer of meritless litigation. Most of the actions have centered around Plaintiff's allegations that physicians at the VA Medical Center refused to prescribe Plaintiff the amount of Oxycodone and other pain medication that he desired. He has been banned from filing any suits in this district without advance cash payment of the filing fee. Plaintiff at least twice filed new suits here after the ban, and they were dismissed after he failed to pay the filing fee.

He recently filed suit in the Western District of Arkansas and again complained that physicians at the VA Medical Center in Shreveport refused to prescribe him the amount of pain medication he desires. That court granted him pauper status but later transferred the case to this district. For the reasons that follow, Plaintiff's **pauper status is revoked**, and he is order to pay the $400 filing fee in cash by **February 6, 2015** or his complaint will be stricken and the case closed for failure to pay the filing fee. Even if Plaintiff pays the filing fee, his complaint is subject to a number of obvious shortcomings and defenses that would likely result in its dismissal.

Plaintiff has filed several civil actions that have been found lacking in merit. See, e.g., Blackwell v. Overton Brooks Medical Center, 01 CV 1585; Blackwell v. Spoon, 01 CV 2354; Blackwell v. Overton Brooks Medical Center, 02 CV 1745; Blackwell v. Payne, 03 CV 0225; Blackwell v. Kakani, 03 CV 2038; and Blackwell v. Overton Brooks Medical Center, 05 CV 0415. None of those cases survived motion practice.

Plaintiff filed Blackwell v. Payne against a magistrate judge, the clerk of court and an AUSA when his request for a jury trial in a separate FTCA case was not honored. (Jury trials are not permitted in FTCA cases. 28 U.S.C. § 2402.) Judge Stagg found that the action was "patently frivolous, and if it were filed by an attorney, the court would sanction him severely." The court added: "Now that Plaintiff has been warned not to pursue such frivolous actions and has been advised that there are serious potential consequences, Plaintiff's pro se status and lack of legal education will not serve as an excuse for later transgressions." See 03 CV 0225, Doc. 8, pp. 3-4.

Plaintiff nonetheless continued to pursue meritless litigation based on his inability to acquire the amounts of Oxycodone or similar narcotics that he desired. In Blackwell v. Kakani, 03 CV 2038, Plaintiff complained that a VA physician discriminated against him on the basis of age and disability when the physician would no longer prescribe Plaintiff pain medication. Judge Hicks found that Plaintiff had, in response to a motion for summary judgment, not presented any evidence other than his conclusory allegations that could remotely suggest an issue for trial. Judge Hicks then noted Plaintiff's history of frivolous litigation and Judge Stagg's warning that sanctions could be imposed. Judge Hicks found

that the evidence overwhelmingly showed that Plaintiff had not heeded Judge Stagg's warning and that it was abundantly clear that Plaintiff sought only to harass the parties and the court. Judge Hicks ordered:

> The plaintiff is hereby placed on notice that this Court will not allow him to file any additional suits in forma pauperis. Before the Clerk will file any future suits, Blackwell must pay in full the required filing fee in cash at the time of filing. Otherwise, the Clerk of Court shall not accept nor file any new suit filed by the plaintiff whether he seeks to proceed in forma pauperis or is willing to pay the full filing fee.

See 03 CV 2038, Doc. 62. The judgment included similar language that: "The Court further finds that plaintiff will be denied in forma pauperis status for suit number 05-CV-415, and any other suits filed in this district." Doc. 63. The Fifth Circuit affirmed the summary judgment and added: "We also affirm the sanction precluding Blackwell from filing further lawsuits unless he first pays the filing fee." Doc. 76, p. 3.

Plaintiff was later arrested on state drug charges and incarcerated at the Caddo Correctional Center. While housed there, he filed suit to complain about his medical treatment. Pauper status was granted, then revoked based on the prior order, and the case was dismissed after Plaintiff failed to pay the fee. Blackwell v. Prator, 06 CV 1233. A few years later, he filed year another suit in which he complained that staff at the Shreveport VA Medical Center would not prescribe him enough painkillers. That case was also dismissed when pauper status was denied and Plaintiff failed to pay the filing fee. Blackwell v. Odisho, 11 CV 2165. Plaintiff now complains yet again about his inability to get prescriptions at the VA for all the painkiller medication he wants. This history fully supports the revocation of

pauper status. If that is not successful in stopping the filing of frivolous suits, more serious sanctions may be warranted.

      THUS DONE AND SIGNED at Shreveport, Louisiana, this the 21st day of January, 2015.

                                                    Mark L. Hornsby
                                                    U.S. Magistrate Judge